UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                Plaintiff,

                                    **Hon. Hugh B. Scott**

                                    **19CV1716V**

           v.

                                    **Report**
                                    **&**
                                  **Recommendation**

RITA M. STRATTON, Individually and as
Voluntary Administrator and Heir to the
Estate of Hugh G. Stratton, et al.,

                Defendants.
_____

This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(C) (Docket No. 15) and case later reassigned to Judge John L. Sinatra, Jr. (Docket No. 17) without amendment to the referral to the undersigned. The instant matter before the Court is a motion of defendant Rita Stratton ("Mrs. Stratton" or "Defendant") (Docket No. 14) to dismiss on abstention grounds. Responses were due March 13, 2020, reply by March 20, 2020, and the motion was deemed submitted (Docket No. 16). Plaintiff the United States of America (or the "Government") responded (Docket No. 18) and defendant replied (Docket No. 20).

**BACKGROUND**

This is a mortgage foreclosure action by the United States on a federal mortgage by decedent Hugh Stratton for 12619 Brucker Road, Akron, New York (Docket No. 1, Compl. ¶ 4,

Ex. B). The total amount due plus interest is $69,726.59 (id. ¶ 9). This action names the administrator for the late Mr. Stratton and the heirs of the estate.

Rita Stratton, the widow of Hugh Stratton, moved to dismiss (Docket No. 14). The other defendants had summonses issued (Docket No. 10), and defendant Erie County Department of Social Services filed a Notice of Appearance (Docket No. 13).

In her motion to dismiss, Mrs. Stratton acknowledged that she and her husband executed a Note to plaintiff for a mortgage through the United States Department of Agriculture for a rural housing mortgage for $67,000 (Docket No. 14, Def. Aff. ¶ 5). She explained that she fell behind on this mortgage when her son contracted cancer and died and then her husband's death (id. ¶ 7). After she arranged to receive Social Security benefits, the Government began withholding a portion of those benefits and then commenced this foreclosure (id. ¶¶ 7, 9, Ex. D).

Mrs. Stratton now argues that New York State established an elaborate policy regarding foreclosures that this Court should abstain from exercising jurisdiction over this foreclosure (id., Def. Memo. at 1, 2-12). Alternatively, she contends that if federal jurisdiction is exercised, that the case should be dismissed for the plaintiff Government's failure to file a Certificate of Merit under New York State Civil Practice Law and Rules 3012-b (id. at 1, 4, 12-13).

The Government argues against abstention of this Court since this case does not present an uncertain question of state law (Docket No. 18, Pl. Memo. at second to third unnumbered pages). Noting that federal courts routinely adjudicate mortgage foreclosures, the Government contends that abstention would be unusual in this context (id. at third to fourth unnumbered pages). Abstention also should not occur because the subject is a federally regulated mortgage created pursuant to federal policy of the Farmers Home Administration, with its administration

and servicing governed by these federal regulations (id. at fourth to fifth unnumbered pages). Further, the Government argues that there is no contemporaneous state court proceeding (id. at fourth unnumbered page). Another reason to not abstain is that the plaintiff is a federal plaintiff (id. at fifth to sixth unnumbered pages). New York CPLR 3012-b is a state procedural statute and not substantive statute that would govern in an action brought in federal court (id. at sixth unnumbered page); if an equivalent Certificate of Merit is deemed required, the Government responds that the remedy for that defect is compelled filing of the certificate and not dismissal (id.).

In reply, defendant repeats that this case presents uncertain and complicated questions of state law that would warrant abstention (Docket No. 20, Def. Atty. Reply Affirm. ¶¶ 6-10), distinguishing proceedings in federal Court under Federal Rule of Civil Procedure 16 and proceedings under the CPLR. She contends that New York rules better protect the interests of the homeowner in a foreclosure (id. ¶¶ 11-14). She reaffirms the Certificate of Merit requirement for any foreclosure, hence requiring dismissal of this foreclosure (id. ¶¶ 15-16), noting that this Court held that the certification requirement was substantive and not merely procedural (id. ¶ 16, citing Finnegan v. University of Rochester Med. Ctr., 180 F.R.D. 247 (W.D.N.Y. 1998) (Larimer, Ch. J.)).

## DISCUSSION

I. Applicable Standards

    A. Abstention

Abstention is an "'extraordinary and narrow' exception to a federal court's duty to exercise its jurisdiction," FDIC v. Four Star Holding Co., 178 F.3d 97, 101 (2d Cir. 1999)

(citation to quotation omitted). Under abstention doctrines enunciated in Colorado River Water Conservation District v. United States, 424 U.S. 800 (1976), the Court considered "the contemporaneous exercise of concurrent jurisdiction, either by federal courts or by state and federal courts," id. at 817, referring to factors that consider the order in which jurisdiction was obtained by concurrent forums, id. at 818 (citing Pacific Live Stock Co. v. Oregon Water Bd., 241 U.S. 440, 447 (1916)). This abstention is for sound judicial administration in the context of "duplicative, concurrent federal-state litigation," 17A Moore's Federal Practice Ch. 122, Synopsis (2020), for example, a repetitive lawsuit where a plaintiff alleges the same claims in federal and state courts, see 17A Moore's Federal Practice, supra, § 122.90.

Abstention under Colorado River is an exception from the fundamental rule that this Court has a duty to adjudicate matters properly before it, Niagara Mohawk Power Corp. v. Hudson River-Black River Regulating Dist., 673 F.3d 84, 100 (2d Cir. 2012); see also 17A Moore's Federal Practice, supra, § 122.91. In Colorado River, the Court "recognized that courts should abstain from the exercise of jurisdiction 'only in the exceptional circumstances where the order to the parties to repair to the state court would clearly serve an important countervailing interest,'" Colorado River, supra, 424 U.S. at 813; FDIC v. Four Star Holding, supra, 178 F.3d at 101. Federal courts have the discretion in these abstention contexts, Niagara Mohawk, supra, 673 F.3d 100-01, with "'the balance is heavily weighted in favor of exercise of jurisdiction," id. at 100 (quoting Woodford v. Cmty Action Agency of Greene Cnty., Inc., 239 F.3d 517, 522 (2d Cir. 2001)). Exceptional circumstances for exercising Colorado River abstention are determined by review of six factors, including the presence of a federal law issue and whether the state forum would adequately protect the parties' interest, see Moses H. Cone Mem'l Hosp. v.

Mercury Constr. Corp., 460 U.S. 1, 25-26 (1983); see also 17A Moore's Federal Practice, supra, § 122.92.

Colorado River requires examination of six factors: "(1) assumption of jurisdiction over a res; (2) inconvenience of the forum; (3) avoidance of piecemeal litigation; (4) order in which the actions were filed; (5) the law that provides the rule of decision; and (6) protection of the federal plaintiff's rights," De Cisneros v. Younger, 871 F.2d 305, 307 (2d Cir. 1989); see Moses H. Cone, supra, 460 U.S. 1; Colorado River, supra, 424 U.S. at 818-19.

B.  CPLR 3012-b

CPLR 3012-b requires a certificate signed by counsel for any residential foreclosure involving a home loan, as defined by the New York Real Property Actions and Proceedings Law § 1304. That certificate the attorney certifies that counsel has reviewed the facts of the case and, based on consultation with representatives of plaintiff and counsel's review of mortgage documents that "to the best of such attorney's knowledge, information and belief there is a reasonable basis for the commencement of such action and that the plaintiff is currently the creditor entitled to enforce rights under" the mortgage, note and such documents. N.Y. CPLR 3012-b(a). If the certificate is not attached to the summons and complaint, "a copy of the mortgage, security agreement and note or bond underlying the mortgage executed by defendant and all instruments of assignment, if any, and any other instrument of indebtedness including any modification, extension, and consolidation shall be attached to the certificate," id. If plaintiff "willfully fails to provide copies of the papers and documents as required by subdivision (a)" the trial court "may dismiss the complaint or make such final or conditional order with regard to

5

such failure as is just" including denying interest, costs, or fees, with any dismiss without prejudice and not on the merits, N.Y. CPLR 3012-b(e).

Attachment of the mortgage or note coupled with the Certificate of Merit "constitutes due proof of the plaintiff's possession of the note prior to and at commencement of the action and thus standing to prosecute its claims for foreclosure and sale," JPMorgan Chase Bank N.A. v. Nunez, Index No. 27242/2011, 2019 N.Y. Misc. LEXIS 4872, at *6 (Sup. Ct. Suffolk County Sept. 6, 2019).

II. Application

A. Abstention

Defendant argues for abstention because this case involves difficult questions of state law and New York State's comprehensive scheme for residential mortgage foreclosures. Factors for abstention established in Colorado River, see, De Cisneros, supra, 871 F.2d at 307, involve a contemporary state court forum for the litigation, see, e.g., De Cisneros, supra, 871 F.2d at 307 (inconvenience of forum, avoidance of piecemeal litigation, order in which actions were filed, law the provides for rule of decision). As the Government notes (Docket No. 18, Pl. Memo. at fourth unnumbered page), there is no state court proceeding. The Government foreclosed a federal mortgage in federal court. A contemporary, parallel state proceeding is a "necessary prerequisite to abstention under Colorado River," Sitgraves v. Federal Home Loan Mortgage Corp., 265 F. Supp. 3d 411, 413 (S.D.N.Y. 2017); Dittmer v. County of Suffolk, 146 F.3d 113, 118 (2d Cir. 1998). Defendant cites no instances in which the United States was required to follow state procedural rules to foreclose upon a federal mortgage. The cases she does cite do

not involve the federal Government as the lender. She cites primarily New York State cases and none of them have the United States as a party.

Defendant cites three federal cases: Muong v. Federal Nat'l Mortgage Ass'n, No. 13CV6564, 2013 U.S. Dist. LEXIS 176424, 2013 WL 6667374 (E.D.N.Y. Dec. 13, 2013); Sitgraves v. Federal Home Loan Mortg. Corp., 265 F. Supp. 3d 411 (S.D.N.Y. 2017) (Docket No. 20, Def. Atty. Reply Aff. ¶¶ 11, 14), and Cox v. United States Dep't of Agriculture, 954 F. Supp. 2d 1061, 1064-65 (D. Nev. 2012) (Docket No. 14, Def. Memo. at 10), rev'd, 609 F. App'x 494 (9th Cir. 2015). In Muong, plaintiff borrowed from a bank who later sold the mortgage to the Federal National Mortgage Association (also known as "Fannie Mae"), 2013 U.S. Dist. LEXIS 176424, at *1. The bank (acting as agent of Fannie Mae) foreclosed on the mortgage in New York State Supreme Court, id. at *2. Plaintiff, proceeding pro se, commenced the federal action challenging the validity of the foreclosure proceeding in state court, id. The federal complaint was dismissed for lack of subject matter jurisdiction, with the federal court concluding that foreclosure was fundamentally a matter of state law, id. at *1, 6, without any reference to Colorado River or abstention. Here, the mortgage was acquired by a federal corporation but was handled as if owned by a private entity, with foreclosure in state court.

In Sitgraves, lender Bank of America foreclosed in state court against plaintiff and plaintiff then filed her action against the Federal Home Loan Mortgage Corporation (or "Freddie Mac") in federal court arguing that Bank of America and Freddie Mac cannot enforce the mortgage under the statute of limitations of the New York State Real Property Actions and Proceedings Law § 1515, 265 F. Supp. 3d at 412-13. Applying the Colorado River factors, Judge Stanton found that the federal and state actions were parallel, id. at 413, holding that

concurrent, parallel proceedings is "a necessary prerequisite" to Colorado River abstention, id. As noted above, there is no parallel state court proceeding in the case at bar to have abstention apply.

Cox, as defendant concedes (Docket No. 14, Def. Memo. at 10), arose from a state court foreclosure proceeding that was removed to federal court, 954 F. Supp. 3d at 1062. Although it involved the same federal department (the Department of Agriculture) that issued the mortgage here, under Nevada law prior to foreclosure the debtor and creditor had to engage in a foreclosure mediation, subject to judicial review in state court, see id. at 1062. The Department of Agriculture in Cox commenced foreclosure in Nevada state court rather than directly in federal court, see Cox, 609 F. App'x at 494.

Thus, the cases cited by defendant are distinguishable, either they are state court decisions or involved proceedings in both state and federal courts. Here, we only have this federal foreclosure proceeding. Thus, the threshold for Colorado River abstention (contemporary cases in state and federal courts) are not present.

If considering the Colorado River factors, a foreclosure is an in rem proceeding, FDIC v. Four Star Holding, supra, 178 F.3d at 102. When this Court has in rem jurisdiction over the property, this Court has exclusive jurisdiction to proceed over a state court, see Donovan v. City of Dallas, 377 U.S. 408, 412 (1964); FDIC v. Four Star Holding, supra, 178 F.3d at 102 (federal court had exclusive jurisdiction because federal foreclosure action was commenced before state proceeding). This first Colorado River prong is dispositive, FDIC v. Four Star Holding, supra, 178 F.3d at 102. But consideration of the other five factors does not change the result, id.

Convenience of forum and piecemeal litigation (the second and third Colorado River factors) would carry more weight if there was an alternative state court forum to consider. Since there are no federal and state cases going at the same time, there is no fear of piecemeal litigation or inconsistent results from the two judiciaries. Again, since there was only the federal action filed, that action has temporal priority, addressing the fourth factor. The sixth factor, protection of federal plaintiff's rights, is strongest here since the plaintiff is the United States of America, enforcing collection of back mortgage payments through foreclosure in the forum of its choice.

The fifth factor, the law that provides the rule of decision; see De Cisneros, supra, 871 F.2d at 307, is the point most strenuously contested by defendant. She argues that New York's residential mortgage foreclosure scheme has several recent enactments aimed at protecting the homeowner (see Docket No. 14, Def. Memo. at 4-9); she fails to assert how these rules and regulations apply to a federal mortgage. New York State may have a complete scheme for residential mortgage foreclosures, but that scheme does not include foreclosure of federal mortgages.

In exercise of this Court's discretion in deciding whether to abstain, this Court **should exercise its jurisdiction and perform its duty to hear this case**. Defendant's motion to dismiss (Docket No. 14) on Colorado River abstention ground should be **denied**.

B.  CPLR 3012-b

Defendant assumes that CPLR 3012-b (or like certification requirement) applies to a federal mortgage. Plaintiff argues (in the diversity jurisdiction context) that CPLR 3012-b is a procedural rule that does not bind a federal Court (see Docket No. 18, Pl. Memo. at sixth unnumbered page), see Shady Grove Orthopedic Assoc., P.A. v. Allstate Ins. Co., 559 U.S. 393

(1998) (CPLR 901(b) and federal diversity class actions), see also id. at 416-17 (Stevens, J., concurring) (finding that CPLR 901(b) was a procedural rule and not New York's substantive law). Plaintiff replies with then-Chief Judge Larimer's decision in Finnegan, supra, 180 F.R.D. 247, 249, that the analogous certificate of merit in a diversity medical malpractice cases, N.Y. CPLR 3012-a, is substantive and not procedural (Docket No. 20, Def. Atty. Reply Aff. ¶ 15). While the mortgage Certificate of Merit is a companion to the medical malpractice certification, see David D. Siegel and Patrick Connors, New York Practice 154, 434 (6th ed. 2018), its purpose is to ensure that the underlying documents that establish the debt and support foreclosure are presented to the debtor.

The Complaint here has attached the promissory note (Docket No. 1, Compl. Ex. A) and the mortgage (id. Ex. B). The Government also alleges that it complied with the notice requirements of New York Real Property Actions and Proceedings Law § 1304 (id. ¶ 13, Ex. D), the same section noted in CPLR 3012-b that requires a Certificate of Merit.

The procedural-substantive distinction is applicable for diversity jurisdiction cases where this Court applies federal procedural law and state substantive law to claims alleged by diverse parties. This action, however, is under 28 U.S.C. § 1345 (id. ¶ 1), where the United States is a plaintiff. The Erie doctrine, see Erie R.R. v. Tompkins, 304 U.S. 64, 78 (1938), the source of the procedural-substantive distinction and application of state common law to diversity actions, does **not apply** to § 1345 suits, 15A Moore's Federal Practice—Civil § 105.08 (2020); Clearfield Trust Co. v. United States, 318 U.S. 363, 366 (1943). Section 1345 does not require application of federal law in every circumstance, where there is no applicable federal law, state law may be applied, 15A Moore's Federal Practice, supra, § 105.08.

Neither side has pointed to a federal law regarding the requisite papers to foreclose a federal mortgage, especially if the foreclosure is commenced in federal court. Title 28 of U.S. Code § 2410 generally sets forth procedures for the United States to foreclose a mortgage, 28 U.S.C. § 2410(a)(2), requiring the Complaint set forth with particularity the nature of the interest or lien of the United States, id. § 2410(b); see also 42 U.S.C. § 1472 (recapture provision for Farmers Home Administration mortgage) (see Docket No. 18, Pl. Memo. at fourth unnumbered page; see also Docket No. 1, Compl. Ex. B). Federal law does not specify a Certificate of Merit. The Government here, however, provided the supporting documentation of the mortgage and note that would be included with a Certificate of Merit had this action been filed in New York State court.

The only thing apparently missing here is the certification that CPLR 3012-b requires. That is met, however, by Federal Rule of Civil Procedure 11 wherein a separate certificate is not required but by filing the Complaint, the Government's attorneys' signatures on the papers represent to this Court that the Complaint and its attachments were not presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation, that the claims are warranted by existing law, and the factual contentions have evidentiary support (such as through the attached documents), Fed. R. Civ. P. 11(b)(1), (2), (3), (a). No further document or certification is required in a federal action. If these representations are not correct, plaintiff (and their counsel) are subject to sanctions under Rule 11, see id. R. 11(c).

This differs from Freedom Mortgage Corp. v. Thompson, No. CV 18-6594, 2020 U.S. Dist. LEXIS 4674, at *3 & n.1 (E.D.N.Y. Jan. 9, 2020) (Lindsay, Mag. J.), where plaintiff (not

the United States or declared a federal agency) commenced the foreclosure under the New York Real Property Actions and Proceedings Law, including compliance with the Certificate of Merit requirement of CPLR 3012-b. This decision does not state the residence of the parties, but for it to be in federal court that action probably was under diversity jurisdiction, see also Freedom Mortg. Corp. v. Gordon, No. 2:19CV614, 2019 U.S. Dist. LEXIS 199901, at *1 (E.D.N.Y. Nov. 18, 2019) (diversity foreclosure action by same plaintiff); cf. FDIC v. Four Star Holding, supra, 178 F.3d at 99 (FDIC brought mortgage foreclosure action under New York Real Actions and Proceedings Law in federal court under 12 U.S.C. § 1819(b)(2)(A), prior to 2013 enactment of CPLR 3012-b).

This case, however, is under a version of federal subject matter jurisdiction because the plaintiff is the United States. Defendant has not shown that the plaintiff Government must comply with New York procedures for a federal foreclosure proceeding.

Defendant's motion to dismiss (Docket No. 14) on the alternative ground of not having filed a CPLR 3012-b Certificate of Merit should be **denied**.

## CONCLUSION

Based upon the above, it is recommended that defendant Rita Stratton's motion to dismiss (Docket No. 14) be **denied**.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report & Recommendation to all parties.

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b) and W.D.N.Y. Local Civil Rule 72(b).**

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME OR TO REQUEST AN EXTENSION OF SUCH TIME WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT DISTRICT COURT'S ORDER ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.** Thomas v. Arn, 474 U.S. 140 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988).

The District Court on de novo review will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance. See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).

Finally, the parties are reminded that, pursuant to W.D.N.Y. Local Civil Rule 72(b), "[w]ritten objections to proposed findings of fact and recommendations for disposition submitted by a Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and shall be supported by legal authority." **Failure to comply with the provisions of Rule 72(b) may result in the District Court's refusal to consider the objection.**

SO ORDERED.

/s/ Hugh B. Scott
Hon. Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
March 31, 2020